**YONGGAN RU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74198.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dixon Wong, Esq., Apex Law Center, San Gabriel, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, John E. Nordin, II, Esq., San Francisco, CA, John E. Nordin, II, Esq., USLA–Office of the U.S. Attorney, Civil & Tax Divisions, Debra Wong Yang, DOJ–U.S. Department of Justice, Civil Division/Immigration Litigation, Los Angeles, CA, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

### MEMORANDUM **

Yonggan Ru, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336

** This disposition is not appropriate for publication and may not be cited to or by the

F.3d 989, 992–93 (9th Cir.2003), and we deny the petition for review.

The record does not compel the conclusion that the Chinese police arrested and beat Ru on account of his political opinion as a labor union chairman or that Ru has a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Rather, substantial evidence supports the BIA's conclusion that Ru's encounter with the police occurred because Ru knowingly organized a labor demonstration without a permit. *See Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion). Because substantial evidence supports the BIA's decision to deny asylum on the merits, we need not address the issue of Ru's credibility.

Ru waived his claims for withholding of removal and CAT relief by failing to address them in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.